UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ROBERT D. DAVIS, | ) | Civil Action No.: 4:07-3771-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| JOHN E. POTTER, Postmaster General, | ) | |
| EMMA OLIVER, | ) | |
| ALLISON CARRAWAY, | ) | |
| MARY C. LEWIS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**I.     INTRODUCTION**

This is an employment discrimination case.  Plaintiff, proceeding pro se, alleges an employment discrimination claim for sex discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq, and he alleges that his rights under the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101, et seq, were violated.  Presently before the Court is the Defendant's Motion to Dismiss (Document # 18).  Because Plaintiff is proceeding pro se, he was advised, pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to Defendant's Motion to Dismiss could result in dismissal of his Complaint.  Plaintiff did file a Response (Document # 21) on March 11, 2008, one day past the due date.[1]  All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A)

---

[1] In the interest of justice, the undersigned has considered the contents of the Plaintiff's Response as if it were timely filed.

and (B) and Local Rule 73.02(B)(2)(g), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## II.     STANDARD OF REVIEW

Defendants bring their motion to dismiss pursuant to Rule 12(b)(1), Fed.R.Civ.P., for lack of subject matter jurisdiction. A motion to dismiss pursuant to Rule 12(b)(1) raises the fundamental question of whether a court is permitted to adjudicate the claims brought before it. In <u>Evans v. B.F. Perkins Co.</u>, 166 F.3d 642, 647-50 (4th Cir.1999), the Fourth Circuit Court of Appeals specified the standard of review for Rule 12(b)(1) motions as follows:

> The plaintiff has the burden of proving that subject matter jurisdiction exists. See <u>Richmond, Fredericksburg & Potomac R. Co. v. United States</u>, 945 F.2d 765, 768 (4th Cir.1991). When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), 'the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.' <u>Id.</u> The district court should grant the Rule 12(b)(1) motion to dismiss 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.' <u>Id.</u>

In ruling on a Rule 12(b)(1) motion, a court must apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. <u>Richmond, Fredericksburg & Potomac R.R. Co. v. United States</u>, 945 F.2d 765, 768 (4th Cir. 1991).

The plaintiff is a <u>pro se</u> litigant, and thus his pleadings are accorded liberal construction. See <u>Erickson v. Pardus</u>, 127 S.Ct. 2197 (2007); <u>Hughes v. Rowe</u>, 449 U.S. 5, 9-10 & n. 7 (1980); and <u>Cruz v. Beto</u>, 405 U.S. 319 (1972). The mandated liberal construction afforded to <u>pro se</u> pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that

were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Social Serv., 901 F.2d 387 (4th Cir. 1990).

## III.     FACTUAL HISTORY

The Plaintiff was employed[2] as a mail processing clerk by the United States Postal Service in Florence, South Carolina. Complaint at 3; Ex. 1 to Defendant's Motion. The Plaintiff was injured during work on November 19, 2005, and he filed a claim (CA-1) seeking worker compensation benefits on November 21, 2005, with his supervisor, Allison Carraway. Ex. 1 to Defendant's Motion. Carraway refused to file and process the Plaintiff's CA-1 claim in a timely manner. Complaint at 3. Carraway returned the claim form to the Plaintiff on December 5, 2005, although she should have returned it to him on November 21, 2005. Complaint at 3. On March 7, 2006, Carraway wrote a letter to Shared Services Center, Greater S.C. District, wherein she indicated that the Plaintiff filed the CA-1 claim on February 2, 2006 (and thereby committed perjury), even though she knew that the Plaintiff had really filed the CA-1 claim on November 21, 2005. Complaint at 4. Carraway conspired with Mary C. Lewis from the Columbia U.S. Postal Safety Office in an effort to deny the Plaintiff worker compensation benefits for his November 19, 2005, injury and to deny the Plaintiff medical treatment for a previous on-the-job injury on October 26, 2001. Complaint at

---

[2] The Plaintiff's current employment status is unknown. Those facts are not before the Court, and in any event whether he is employed or not is not relevant to this motion.

3-4. Moreover, Emma Oliver, the plant manager of the Florence, South Carolina, U.S. Post Office P&DF facility, signed Carraway's letter to Shared Services Center wherein it was requested that the Plaintiff's claim for worker compensation benefits be denied. Complaint at 4. Eventually, on June 1, 2006, the Office of Worker Compensation Programs denied the Plaintiff's claim for benefits. Ex. 2 to Defendant's Motion.

The Plaintiff's supervisor, Carraway, had requested "from the work floor" that the Plaintiff "get involved with her sexually" and "to visit her home." Complaint at 4. The Plaintiff refused his supervisor's sexual advance, and as a result Carraway "punished him" by intentionally using her efforts to ensure that his claim for benefits would be denied. Complaint at 4; Plaintiff's Response at 2. Plaintiff filed the present action on November 19, 2007, alleging Title VII employment discrimination based upon sex and that his rights under the Federal Employees' Compensation Act were violated.

## IV.     DISCUSSION

### A.     Federal Worker Compensation Benefits

The Federal Employees' Compensation Act ("FECA") prohibits a federal employee from bringing a tort suit against the government on the basis of a work-related injury. See 5 U.S.C. § 8116(c); Lockheed Aircraft Corp. v. United States, 460 U.S. 190 (1983). In enacting FECA's exclusive liability provision, "Congress adopted the principal compromise - the "quid pro quo" - commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government." Id. at 194. The Secretary of Labor administers the FECA, and the Secretary has delegated its authority to the Office of Worker Compensation Programs ("OWCP").

20 C.F.R. § 10.2 (1998). OWCP reviews applications for benefits and then it issues a determination allowing or denying compensation. 5 U.S.C. § 8124(a). If a claimant disagrees with the decision, there are different opportunities for administrative review. 20 C.F.R. § 10.600 (1998). However, the FECA statute and case law declare that a claimant is prohibited from seeking a review of the OWCP's decision in the United States District Court. Accordingly, this court does not have subject matter jurisdiction to review the OWCP's decision to deny the Plaintiff benefits, and moreover, the Plaintiff apparently abandoned this portion of his lawsuit.[3]

    B.    Title VII Administrative Exhaustion

Title VII creates a right of action for federal employees who allege employment discrimination on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-16(c). "All employees ... alleging such discrimination must, however, exhaust their administrative remedies before exercising this right." Laber v. Harvey, 438 F.3d 404, 415 (4th Cir. 2006); Sloop v. Memorial Mission Hosp., Inc., 198 F.3d 147, 148 (4th Cir. 1999). The federal employee who believes that his employing agency committed discrimination in violation of Title VII must file an administrative complaint with his agency. Id. at 416; Pueschel v. United States, 369 F.3d 345, 353 (4th Cir. 2004). "The agency investigates the claim, *see* 29 C.F.R. § 1614.108-109, and, if it concludes there was no discrimination, it issues a final agency decision to that effect, *see* 29 C.F.R. § 1614.110." Laber, 438 F.3d at 416. Then the employee may file a de novo civil action *or* continue the administrative process by appealing the agency decision to the OFO. Id.

---

[3] In the Plaintiff's March 11, 2008, Response brief, the Plaintiff essentially abandoned his claim that his rights under the FECA were violated. He stated that his argument is *not* with the OWCP about the FECA but that his case is about Title VII. Therefore, the Plaintiff does not request that this Court review the OWCP decision to deny his worker compensation benefits.

The Defendant argues that the Plaintiff has failed to seek administrative review of his sex discrimination claim, much less obtain a final agency decision. The Defendant maintains that this Court does not have subject matter jurisdiction over the Title VII claim because the plaintiff must first seek and exhaust administrative review of that claim. This Court agrees with the Defendant that a federal court can assume jurisdiction over a Title VII claim only after the plaintiff has complied with the various administrative procedures. See Davis v. North Carolina Dep't of Corr., 48 F.3d 134, 136-137 (4th Cir. 1995) (finding that Title VII prohibits a claimant from invoking federal court jurisdiction before he is issued a "right-to-sue" letter); Forrest v. Transit Mgmt., No. 03-2239, 2004 WL 737376 (4th Cir. April 7, 2004) (finding that removal was improper because the Title VII claim could not have originally been brought in federal court since the plaintiff had not exhausted administrative remedies); Smith v. Charleston Co. School Dist., C/A No. 2:06-2177-DCN-RSC, 2006 WL 4536869, at *4 (D.S.C. Sept. 5, 2006) (finding that plaintiff was not entitled to a "right-to-sue" letter which deprived the district court of jurisdiction). With a private-sector employer, a plaintiff must allege in the complaint that he received, or is entitled to, a "right-to-sue" letter from the EEOC before filing a Title VII lawsuit in federal court. Davis, 48 F.3d at 140. Similarly, in the case of a federal employee who alleges employment discrimination, before this Court can assume jurisdiction over the lawsuit the plaintiff must have received, or be entitled to, a final agency decision order concerning the alleged employment discrimination. See Laber, 438 F.3d at 416-17; 29 C.F.R. § 1614.110 (1999).

The Plaintiff's Complaint did not make any allegations concerning whether the Plaintiff had filed a charge of sex discrimination with his employing agency. After the Plaintiff was instructed how to respond to the motion to dismiss pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir.

1975), the Plaintiff did not allege nor present any document to show that he did, in fact, file an administrative complaint based upon sex discrimination with his agency or that he received a final decision. Instead, the Plaintiff submitted a brief which clarified that this case is about "sexual harassment," not about his claim for worker compensation benefits pursuant to FECA (Document #21). The plaintiff stated that defendant Carraway intentionally gave false information about the Plaintiff in order to ensure that the Plaintiff would not receive worker compensation benefits because he had refused to engage in sexual relations with her. While this factual allegation is certainly disturbing, viewing the facts in the light most favorable to the Plaintiff, this Court lacks subject matter jurisdiction over the Plaintiff's Title VII action. After the Defendants challenged subject matter jurisdiction, the Plaintiff, who bears the burden of proving that subject matter jurisdiction exists, did not present any evidence or allegations that would demonstrate that he filed a sex discrimination charge with his agency and obtained a final decision.

## V.     CONCLUSION

In light of the above analysis, it is recommended that Defendant's Motion to Dismiss (Document #18) be granted and the complaint be dismissed without prejudice in its entirety for want of subject matter jurisdiction.

 s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

July 8, 2008  
Florence, South Carolina

**The parties' attention is directed to the important notice contained on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).